## KOHN v. JACOB & JOSEF KOHN, Inc., et al.

(District Court, S. D. New York. April 9, 1920.)

1. **War** �köö12—**Debt due enemy may be ordered transferred to Alien Property Custodian.**

Under Trading with the Enemy Act, § 7c (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½d), providing that, if the President shall so require, any money or property owing or belonging to an enemy shall be transferred or paid to the Alien Property Custodian, a debt due an enemy is included.

2. **War** ⊜ᵒ12—**Executive rule that demand by Alien Property Custodian should vest title in him was valid.**

Under Trading with the Enemy Act, § 7c (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½d), rules promulgated by the President providing for a demand by the Alien Property Custodian for the transfer

to him of property belonging to enemies, and providing that such demand should forthwith vest in him such right or title as might be included in the demand, were valid, and such demand gave the Custodian a complete title.

**3. War ⬅12—Courts without jurisdiction of suit to recover property lawfully captured by one subsequently becoming an alien friend.**

Under Trading with the Enemy Act, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), providing that, except as therein provided, money transferred to the Alien Property Custodian shall not be subject to any order or decree of court, where a debt due an alien enemy was lawfully captured by the Alien Property Custodian, and the alien subsequently became an alien friend, his sole remedy was by suit under section 9, following the President's failure to recognize a claim to the funds, and the court had no jurisdiction of a suit not brought under that section.

In Equity. Suit by Julius Kohn against Jacob & Josef Kohn, Incorporated, and Francis P. Garvan, individually and as Alien Property Custodian. On motion by the Alien Property Custodian to dismiss the bill. Bill dismissed.

Motion by the Alien Property Custodian to dismiss a bill in equity brought against a domestic corporation and the Alien Property Custodian for lack of jurisdiction. The bill alleged that the domestic corporation owed plaintiff a large sum of money in December, 1917, at which time he resided in, and was presumably a subject of, that part of the Austro-Hungarian Empire which is now included in the republic of Czecho-Slovakia; that on June 27, 1918, the Alien Property Custodian served a demand upon the domestic corporation to pay the debt to him, and the corporation has paid part of, but not all, the amount due; that the Alien Property Custodian threatens to take action to recover the balance not yet paid; that on September 4, 1918, the United States recognized the republic of Czecho-Slovakia, of which the plaintiff was a citizen and resident, by which he became an alien friend; and that on November 14, 1918, the last German forces withdrew from its territory. The bill prays an injunction against the Alien Property Custodian and a decree against the domestic corporation.

Spier Whitaker, of Washington, D. C., for the motion.
Arthur Garfield Hays, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). The chief question raised is whether the right of capture was effectively exercised by the demand of the Alien Property Custodian on June 27, 1918, at which time the plaintiff was an enemy. The "property" was a debt of which he was the obligee and the domestic corporation the obligor. Two questions arise: Was a debt within the scope of section 7 (c) of the act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½d), on June 27, 1918? Was the demand of the Alien Property Custodian an effective capture, if it was?

[1] On the date in question the section read as follows:

"If the President shall so require, any money or other property owing or belonging to * * * an enemy * * * which the President after investigation shall determine is so owing or so belongs * * * shall be * * * transferred * * * or paid over to the Alien Property Custodian."

"Money * * * owing * * * to * * * an enemy" certainly includes a debt. The transfer or payment of such money in-

cludes the transfer or payment of a debt. Therefore the answer to the first question is clear.

[2] The question of the proper formalities for capture remains. The obligor is to "transfer * * * or pay" the "money," "if the President shall so require." The President promulgated, under section 5 (a) of the act (section 3115½c), certain rules on February 26, 1918. Rule 2 (a) prescribed a "demand" by the Alien Property Custodian as the proper way to require the transfer, etc., and rule 2 (c) that such a demand—

"shall forthwith vest in the Alien Property Custodian such right, title, etc., in the money or other property demanded * * * as may be included in the demand."

If the rule is valid, the demand effects the transfer of the property. A moment's reflection seems to me to make it clear that it must be so, else the statute puts a premium upon resistance and delay. The analogies of attachment and garnishment are directly in point. It cannot of course, have been the purpose of section 7 (c) to permit its purpose to be frustrated by recalcitrants, who might, by prolonging their contests, destroy the right of capture till peace was declared, when it would be too late. Section 17 gives the Alien Property Custodian his remedies to reduce to possession his title (Garvan v. $20,000 Bonds, 265 Fed. 477, —— C. C. A. ——), but that title must be complete by the symbolic act of capture. Probably the rule was unnecessary, but it was unquestionably valid.

[3] Hence there can be no doubt that the debt was subject to capture, and was in fact captured on June 27, 1918, while the plaintiff was still an enemy, though he has since become an alien friend. But the objection is to the jurisdiction of this court, not to the equity of the bill, so that the foregoing does not precisely meet the motion. As a friend [1] the plaintiff may sue, but only under section 9 of the act (section 3115½e), because that section concludes as follows:

"Except as herein provided, the money * * * transferred * * * to the Alien Property Custodian shall not be * * * subject to any order or decree of any court."

The preceding provisions are for a suit following the President's failure to recognize a claim made to the funds. This is the sole remedy given any claimant friend [1] for any property captured under the act. As this bill is clearly not one brought under section 9, and as under its allegations the debt was lawfully captured, this court is without jurisdiction. The plaintiff relies upon section 17 (section 3115½i), but in the face of section 9 that section will not serve the plaintiff.

This court is therefore without jurisdiction to entertain the bill, and it will be dismissed, with costs. The plaintiff may have 20 days to plead over, if he thinks he can mend his case.

[1] Whether an enemy may sue under section 9, after declaration of peace, is not involved.